IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARTHUR E. SELNICK, | : | |
| ASSOCIATES, INC., | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL NO. L-09-1767 |
| | : | |
| HOWARD COUNTY, MARYLAND, | : | |
| *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

A plethora of motions are currently pending in the above-captioned matter, which involves a dispute over a temporary easement that encumbers land owned by the plaintiff, Arthur Selnick Associates, Inc. ("Selnick"). This case, which was originally filed in the Circuit Court for Howard County, Maryland was removed by defendant United States Postal Service ("USPS") in July 2009. The motions pending include several Motions for Summary Judgment, a Motion to Remand filed by defendant Howard County, and a Motion to Dismiss filed by the USPS. The Court addresses here only the Motion to Dismiss. Having reviewed the parties' submissions, the Court has determined that no hearing is necessary. As explained more fully below, the Court will, by separate Order filed this date, GRANT the motion and DISMISS the case against the USPS.

**I.    Background**

Selnick's Amended Complaint seeks relief from Howard County for the "unconstitutional taking of its property by Defendant Howard County without due process of law or just compensation." Docket No. 2. This matter concerns an easement encumbering a piece of land

that Selnick purchased in 1983. At that time, his deed noted the existence of a revertible easement encumbering the property. According to Selnick, the easement allowed for a temporary entrance to the parcel of land.[1] The easement was established in 1974, when Kaiser-Aetna, as Grantor, conveyed fee simple title to certain parcels of land to Howard County, as Grantee, including a "revertible easement for a public road for use as a temporary entrance only… it being understood and agreed that upon construction of all improvement… by the State Highway Administration of a permanent entrance to said Route One Hundred Business Park…. The said revertible easement hereby granted will automatically terminate….". Thus, Selnick purchased land encumbered by an easement that he believed would be removed upon completion of a permanent entrance by the State Highway Administration.

In May 1996, the State Highway Administration put its plan to close the temporary entrance on an indefinite hold, due to a lack of funding. From 1996 until the present time, there has been extensive development of the properties located near the temporary entrance, and so traffic has been much increased.[2] Prior to filing his original complaint, Selnick complained several times to the State Highway Administration, requesting that they build a permanent entrance and close the temporary one.

Plaintiff Selnick initially filed an action in the Circuit Court for Howard County. Upon defendant Howard County's motion, the case was dismissed without prejudice by the Circuit Court on February 3, 2009 for failure to join all necessary parties.

On February 26, 2009, Selnick filed an Amended Complaint in the Circuit Court for Howard County, joining as defendants all residents of the nearby office park. The defendants, including the USPS, are all owners of real property who utilize the land subject to the easement

---

1 The plat is entitled "Route One Hundred Business Park." It is a one acre parcel of property along Amberton Drive immediately east of U.S. Route 1 in Elkridge, Howard County, Maryland.
2 Specifically, all residents of a business park located at the address use the "temporary" entrance. All business members were joined as defendants in this suit. One of those businesses is the United States Postal Service.

as the sole means of accessing their property. The Amended Complaint raises no allegation of wrongdoing by any of the defendants. Rather, Selnick seeks a declaratory judgment that the actions of Howard County constitute a constructive condemnation of the revertible easement for which the Defendant owes Selnick just compensation, that the revertible easement violates the rule against perpetuities, and that Selnick possesses the fee simple title to the parcel of property free and clear. Selnick asserts three other claims, all against Howard County alone, for (1) possession under Md. Real Property Code Ann. §14-108.1, (2) injunctive relief, and (3) damages. The USPS filed a timely notice of removal transferring the action to this Court on July 2, 2009.

The USPS moves the Court to dismiss it from the Amended Complaint because the Court lacks subject matter jurisdiction over the claim brought against the USPS under Federal Rule of Civil Procedure 12(b)(1). Docket No. 357. Selnick opposes the Motion.

## II.   Discussion

Because the USPS has challenged the Court's subject matter jurisdiction, we turn to that issue before deciding on (in subsequent memoranda) the other pending motions. United States v. Moussaoui, 483 F.3d 220, 226 (4th Cir. 2007). See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (citing Mansfield C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1994)). When a court's jurisdiction is challenged, the party asserting subject matter jurisdiction is burdened with proving its existence. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). "Unlike the procedure in a 12(b)(6) motion where there is a presumption reserving the truth

finding role to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." Id.

The USPS claims that the Court lacks subject matter jurisdiction because the USPS is an "agency of the federal government that 'enjoys federal sovereign immunity absent a waiver.' Dolan v. United States Postal Service, 546 U.S. 481, 483 (2006)." Motion to Dismiss, page 4. The USPS contends that the doctrine of sovereign immunity shields it, as an agency of the Federal Government, from suit when it has not consented to be sued. Consent must be express and cannot be implied. See, e.g. United States v. Sherwood, 312 US. 584, 586-588 (1941). Motion to Dismiss, page 4.

Selnick argues that the Postal Reorganization Act of 1970 "granted USPS the power to sue and be sued. (39 U.S.C. §401(1))." This grant creates a "waiver of sovereign immunity for all purposes, and it is the burden of the USPS to rebut its presumption." Selnick Response, page 3.

The Postal Reorganization Act of 1971 was adopted to increase the efficiency of the Postal Service, and to remove it from political pressure. It renamed the Post Office Department the U.S. Postal Service and made it "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. §201. The Act also waived the immunity of the USPS from suit by giving it the power "to sue and be sued in its official name." 39 U.S.C. §401. The Supreme Court has held that "when Congress passes enabling legislation allowing an agency or other entity of the Federal Government to be sued the waiver should be given a liberal – that is to say, expansive – construction." United States Postal Service v. Flamingo Industries LTD., 540 U.S. 736, 741 (2004) quoting Federal Housing Administration v. Burr, 309 U.S. 242 (1940). In several cases, the Supreme Court has found that the plaintiff could seek relief against the USPS.

See, e.g., Franchise Tax Bd. Of Cal. V. Postal Service, 467 U.S. 512 (1984) and Loeffler v. Frank, 486 U.S. 549 (1988).

The waiver created by the PRA is incomplete.  In normal parlance, "waiver" indicates the act of abandoning or relinquishing a right or privilege.  A quick reading of the PRA would seem to allow any type of suit to be brought by or against the USPS.  This is not the case.  The Supreme Court has found that in order for a waiver of sovereign immunity to be complete, a two part test must be satisfied, involving both the initial absence of immunity and the reach of the substantive law.  See FDCI v. Meyer, 510 U.S. 471 (1994).  In this case, the PRA satisfies the first step in the test.  Even though the first step is satisfied, in the words of the Supreme Court, the "Postal Service [remains] part of the Government and that status indicates immunity unless there is a waiver."  U.S. Postal Service v. Flamingo Industries, 540 U.S. 736, 744 (2004).  We must therefore look to see whether a federal law exists which would subject the USPS to the "substantive liability" asserted in Selnick's claim.  Id. at 743.

In this case, the second prong of the Court's two-part test is whether the action in the instant matter is meant to reach the USPS, a federal entity.  The action against the USPS is one for declaratory judgment.  The Declaratory Judgment Act is "remedial only, and is not itself a basis for federal subject matter jurisdiction."  Volvo GM Heavy Truck Corp. v. United States Dept of Labor, 118 F.3d 205, 210 (4th Cir. 1997).  The Declaratory Judgment Act does not provide a basis for federal subject matter jurisdiction and the USPS remains immune from suit in this action.  Therefore, this Court does not have subject matter jurisdiction to hear the case against the USPS.

The USPS is only a party to this suit because the Circuit Court for Howard County, in which the case originated, required Selnick to join all the tenants of the business park that use the temporary entrance as defendants.  The USPS has been given the opportunity to participate in

this litigation.  By filling its Motion to Dismiss, it has rejected that opportunity and the suit should proceed without it as a party.  The dismissal of the USPS as a defendant in this action should not create a catch-22 for Selnick, whereby the Court would dismiss suit for failure to join all parties yet again.

### III.     Conclusion

For the foregoing reasons, the USPS's Motion to Dismiss is GRANTED.  The case will proceed against the remaining defendants only.  A separate order follows.

It is so ORDERED this 18th Day of December, 2009.

                                              _____/s/_____
                                              Benson Everett Legg
                                              Chief Judge